Argued and submitted July 11, 1991, reversed and remanded April 8,
reconsideration denied June 17, petition for review pending 1992

## FRED MEYER, INC.,
*Appellant,*

*v.*

## James T. McDONALD,
Christian Groth, Diane Topp, Holli Messenger,
Lisa Horowitz, Woodrow J. Kuhnhausen, Jeff Smalley,
Valerie Filterer and Susan Beeler,
*Defendants,*

*and*

## Hale WEITZMAN,
*Respondent.*

(9003-01409; CA A64868)

828 P2d 1054

Charles F. Hinkle, Portland, argued the cause for appellant. With him on the brief was Stoel Rives Boley Jones & Grey, Portland.

Gregory Kafoury, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals from a judgment dismissing its action for declaratory and injunctive relief. It sought to prevent persons, including defendant Weitzman,[1] from locating themselves at 41 of its stores for the purpose of soliciting signatures on initiative petitions. It did not seek to prohibit signature-collecting activities at any other Fred Meyer store.

The trial court determined that, under *State v. Cargill*, 100 Or App 336, 786 P2d 208, *rev allowed* 310 Or 133 (1990), defendant was engaged in constitutionally protected activity and could not be prohibited from collecting signatures at the entries to plaintiff's stores, because *Cargill* determined that the Fred Meyer store in that case was a "forum for assembly by the community." 100 Or App at 348. The court concluded that *Cargill* required that result in this case, but said, "[W]ere it not for the *Cargill* decision, this Court would have no reluctance in granting the relief that [plaintiff] seeks."

The holding in *Cargill* is limited by its facts. It involved a single store at which the defendants were arrested for trespassing. The trial court here was not bound to come to the same conclusion just because the signature gatherers were located at plaintiff's stores. Because it erred in determining that the rule in *Cargill* applies to all of the stores specified in this action, without evaluating each store on the record before it, we remand for that purpose.[2]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[1] Before trial, for unexplained reasons, plaintiff dismissed all defendants but Weitzman.

[2] The Oregon Supreme Court allowed review in *Cargill* in 1990. We held this case pending the Supreme Court's decision in *Cargill*. In the interests of justice we are not waiting any longer.